IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RANDAL ALAN CORDELL,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

6:13-cv-00171- RE

**OPINION AND ORDER**

**REDDEN**, Judge:

Plaintiff Randal Alan Cordell brings this action, *pro se,* to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed .

1 - OPINION AND ORDER

## BACKGROUND

Plaintiff filed his applications on November 15, 2007, alleging disability since April 21, 1999, due to "[s]evere burns to feet and legs, narrowing of disks in back, cracked pelvic bone, r arm problems, carpal tunnel." Tr. 259. Plaintiff was 34 years old on his alleged onset date. He completed the 12th grade. Tr. 50. His application was denied initially and upon reconsideration. A hearing was held on January 28, 2010, at which Plaintiff was not represented by counsel. Tr. 43-58. The Administrative Law Judge ("ALJ") found him not disabled. The Appeals Council granted review of the ALJ's decision and on October 12, 2010, vacated the decision and remanded it back to an ALJ for further proceedings to determine whether Plaintiff was capable of performing any past relevant work. Tr. 101-02.

A second hearing was held on October 14, 2011, at which Plaintiff was not represented by counsel. Tr. 25-34. The Appeals Council denied Plaintiff's request for review in December 2012, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

On December 8, 2011, the ALJ found Plaintiff had the medically determinable severe impairments of degenerative disc disease of the lumbar spine, lumbar facet syndrome, and degenerative joint disease of the right wrist. Tr. 27.

The ALJ found that Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 23.

The ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work, but could not climb ladders, ropes, or scaffolds, must

avoid exposure to workplace hazards such as unprotected heights and unguarded moving equipment, could frequently balance and climb ramps and stairs, could occasionally crouch and stoop, could frequently kneel and crawl, and could frequently but not continuously use his dominant right hand for grasping. Tr. 28.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work, but that there were jobs in significant numbers in the national economy that Plaintiff could perform such as cashier, storage facility rental clerk, and electronics worker. Tr. 33-34.

## DISCUSSION

Plaintiff is not represented by counsel, he has not filed a brief, and he makes no assignments of error. The record indicates that Plaintiff advised the Appeals Council he had evidence of hospitalization and surgery that occurred after the ALJ's decision. Tr. 18. The Appeals Council advised Plaintiff by letter dated October 9, 2012, that Plaintiff must submit new evidence "within 30 days of the date of this letter" and that if Plaintiff did not respond within 30 days the Appeals Council would proceed "based on the record we have." Tr. 19. More than 30 days later, on November 30, 2012, Plaintiff submitted additional evidence to the Appeals Council. Tr. 4-17.

### A. Evidence Submitted to the Appeals Council

Transcript No. 4 is a transmittal cover letter. No. 5 is an November 10, 2012, authorization to disclose health information. Transcript No. 6 is Plaintiff's patient information form noting a September 25, 2012 hospital admission for L3-4 and L4-5 decompressive laminectomies. Transcript No. 7 is a September 27, 2012, hospital discharge summary. Transcripts No. 8 and 9 are a description of surgery performed on Plaintiff on September 25,

3 - OPINION AND ORDER

2012 by Andrew J. Kokkino, M.D. Number 10 is a physician verification of no significant change in the Plaintiff's medical condition. Transcripts No. 11-14 are August 30, 2012, chart notes by Dr. Kokkimo regarding Plaintiff's lower back pain. Number 15 is a September 25, 2012, Imaging Report indicating lumbar canal stenosis. Transcripts No. 16-17 are September 19, 2012, laboratory reports. The Appeals Council did not review this evidence.

### B. Evidence Submitted to This Court

Plaintiff filed documents (ECF 18 - Pages 1064-95) in this court which have been construed as Plaintiff's Brief. Docket No. 15. Page # 1064 is a handwritten page which states "1. Operation, no Income, Employer States Disabled, Retired 2. Adjudication Dept. Will not review my appeal case 3. I have been in a serious operation of my life I was in a serious operation witch [sic] will take 15 months of time to heal." Page # 1065 is a July 4, 2007, letter to Plaintiff from a physician advising him of a small crack in the pelvic bone. Page # 1066 is an August 2007 letter to Plaintiff from a physician withdrawing medical care. Page # 1067 is an April 2009 letter to Plaintiff from a physician withdrawing medical care. Pages # 1068-69 are a Social Security Form HA-520-U5 Request for Review of Hearing Decision/Order. Pages # 1070-73 are January 31, 2013, imaging study reports regarding Plaintiff's lumbar spine. Page # 1074-75 are an Operative Report of Plaintiff's September 25, 2012 surgery. Page # 1076 is a copy of Transcript No. 10. Pages # 1077-80 are a copy of Transcript No. 11. Page # 1081 is a copy of Transcript No. 7. Page # 1082 is a copy of Transcript No. 15. Page # 1083 is a copy of Transcript No. 6. Pages # 1084-86 are chart notes of a September 7, 2012, emergency room visit by Plaintiff. Page # 1087 is a November 16, 2011, request for medical records. Page # 1088 is a January 22, 2013 patient information form. Pages # 1089-94 are January 22, 2103, emergency

room records. Page # 1095 is a copy of Transcript No. 6. indicating that he received medical treatment after the ALJ's December 8, 2011 decision.

Liberally construed, the new evidence shows Plaintiff saw Dr. Kokkino on August 30, 2012, to discuss back pain that waxed and waned in intensity depending on his activity level. Plaintiff reported back pain for many years "with an exacerbation approximately 6 months ago after extensive yard work and working long hours as a flagger." ECF 18-1, Page # 1077. Plaintiff reported that pain radiating to his buttocks and legs "began approximately 1 to 2 weeks ago." *Id.* Dr. Kokkino ordered new imaging studies which showed "[w]orsening neurogenic claudication and spinal stenosis from degenerative disc and spinal disease at L3-4 and L4-5." ECF 18-1, Page # 1080. Dr. Kokkino noted that "over the last few months, [Plaintiff] had developed rather remarkable neurogenic claudication, lower back issues, and leg pains." *Id.* On September 25, 2012, Dr. Kokkino performed a decompression lumbar laminectomy involving L3-4 and L4-5. ECF 18-1, Page # 1074.

Remand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier. *Wainwright v. Sec'y of Health and Human Services*, 939 F.3d 680, 682 (9th Cir. 1991). To meet the materiality standard, the "new or additional evidence offered must bear directly and substantially on the matter is dispute." *Id.*, citing *Ward v. Schweiker*, 686. F.2d 762, 764 (9th Cir. 1982). Evidence "is material if there is a reasonable possibility that such evidence would have changed the outcome of the case." *Flores v. Sullivan*, 908 F.2d 976 (Table), 1990 WL 102786, at *3 (9th Cir. July 24, 1990)(citing *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1381 (9th Cir. 1984).

5 - OPINION AND ORDER

Plaintiff's *pro se* filings must be construed liberally. *See Robertson v. Wells Fargo Home Mortg.*, slip op., 2011 WL 5157772, at *4 (D. Or. Oct. 28, 2011 (Brown, J.)("the court must construe *pro se* filings liberally"); *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987)("[C]ourts are to make reasonable allowances for *pro se* litigants and to read *pro se* papers liberally.").

The Commissioner argues the new evidence shows Plaintiff's condition worsened after the ALJ's December 2011 decision, and that Plaintiff should file a new application if he believes the new evidence establishes a disabling impairment.

On this record, the Plaintiff has failed to show the Commissioner's decision was not based on substantial evidence. Plaintiff has not established that the new evidence is relevant to the time period considered by the ALJ. If Plaintiff believes the new evidence shows a disabling impairment, he should file a new application. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001).

## CONCLUSION

For these reasons, the ALJ's decision that Plaintiff is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this 28 day of April, 2014.

_____
JAMES A. REDDEN
United States District Judge

6 - OPINION AND ORDER